STATE OF WEST VIRGINIA

**FILED**
March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LORA HARMON,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0870** (BOR Appeal No. 2046907)
                    (Claim No. 2010096650)

**RESCARE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lora Harmon, by William B. Gerwig III, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. ResCare, by Aimee M. Stern and Denise D. Pentino, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 29, 2012, in which the Board affirmed a January 26, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 21, 2011, decision granting Ms. Harmon a 7% permanent partial disability award for her lumbar spine and no award for her cervical spine. The Office of Judges granted her an additional 1% permanent partial disability award for her lumbar spine and a 7% permanent partial disability award for her cervical spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Harmon worked as a healthcare provider for ResCare, an adolescent boys' home. On June 25, 2009, Ms. Harmon injured her neck and low back while participating in a training exercise in which she simulated a child being restrained. The claims administrator held the claim compensable. Prasadarao B. Mukkamala, M.D., then evaluated Ms. Harmon and found that she had no impairment for her cervical spine under the American Medical Association's *Guides to*

1

*the Evaluation of Permanent Impairment* (4th ed. 1993) and Cervical Category I of West Virginia Code of State Rules § 85-20-E (2006). He then found that Ms. Harmon had 7% whole person impairment for her lumbar spine. On January 21, 2011, the claims administrator granted Ms. Harmon a 7% permanent partial disability award based on Dr. Mukkamala's report. Bruce A. Guberman, M.D., then evaluated Ms. Harmon and found that she had 8% whole person impairment for her lumbar spine under the American Medical Association's *Guides* and Category II of West Virginia Code of State Rules § 85-20-C (2006). Dr. Guberman then found that Ms. Harmon had 7% whole person impairment for her cervical spine under Cervical Category II of West Virginia Code of State Rules § 85-20-E. He then combined Ms. Harmon's lumbar and cervical impairment for a total of 14% whole person impairment. On January 26, 2012, the Office of Judges reversed the claims administrator's decision and granted Ms. Harmon an additional 1% permanent partial disability award above the 7% previously granted for her lumbar spine and a 7% permanent partial disability award for her cervical spine. The Board of Review then affirmed the Order of the Office of Judges on June 29, 2012.

The Office of Judges concluded that Ms. Harmon had 8% impairment for her lumbar spine and 7% impairment for her cervical spine. The Office of Judges found that Ms. Harmon had previously received a 7% permanent partial disability award for her lumbar spine and no award for her cervical spine. The Office of Judges concluded that Ms. Harmon was entitled to an additional 1% permanent partial disability award for her lumbar spine and a 7% award for her cervical spine for a total of 14% permanent partial disability. The Office of Judges based this determination on the report of Dr. Guberman. The Office of Judges found that Dr. Guberman's impairment assessment was more reliable and credible than Dr. Mukkamala's, which found 7% impairment of the lumbar spine but no impairment of the cervical spine. The Office of Judges found that Dr. Mukkamala's report was not consistent with evidence in the record which indicated that Ms. Harmon had considerable loss of range of motion in her cervical spine. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Ms. Harmon requested an additional 3% permanent partial disability award. Ms. Harmon argues that West Virginia Code of State Rules § 85-20-C, and 85-20-E are in conflict with West Virginia Code § 23-4-6(i) (2006) and are invalid.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Harmon has not shown that she is entitled to any greater than a 14% permanent partial disability award. The Office of Judges was within its discretion in relying on Dr. Guberman's impairment evaluation and his recommendation is consistent with the record taken as a whole. Ms. Harmon's request for an additional 3% permanent partial disability award is inconsistent with this Court's holding in *Gore v. Insurance Commissioner of West Virginia*, No. 11-0612, 2013 WL 1286071, at *5 (Mar. 28, 2013), and she has not demonstrated that Dr. Guberman's impairment rating was invalid.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II